IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TEXAS,<br>WISCONSIN,<br>ALABAMA,<br>ARKANSAS,<br>ARIZONA,<br>FLORIDA,<br>GEORGIA,<br>INDIANA,<br>KANSAS,<br>LOUISIANA,<br>PAUL LePAGE, Governor of Maine,<br>MISSISSIPPI, by and through<br>Governor Phil Bryant,<br>MISSOURI,<br>NEBRASKA,<br>NORTH DAKOTA,<br>SOUTH CAROLINA,<br>SOUTH DAKOTA,<br>TENNESSEE,<br>UTAH, and<br>WEST VIRGINIA,<br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT<br>OF HEALTH AND HUMAN<br>SERVICES, ALEX AZAR,<br>in his Official Capacity as<br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES, UNITED<br>STATES INTERNAL REVENUE<br>SERVICE, and DAVID J. KAUTTER,<br>in his Official Capacity as Acting<br>COMMISSIONER OF INTERNAL<br>REVENUE,<br>　　　　　　　　　　　Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 4:18-cv-00167-O |

**PLAINTIFFS' OPPOSITION TO ADDITIONAL PLAINTIFF'S MOTION TO INTERVENE AS "NECESSARY REAL PARTIES-IN-INTEREST" FOR COMPENSATORY DAMAGES UNDER A BIVENS ACTION**

Stephen P. Wallace, on behalf of himself and all United States taxpayers, asserts a right to intervene in this case. *See* Doc. 5. He contends that his intervention is necessary because Plaintiffs have failed to add Senator John McCain as a necessary real party-in-interest. Doc. 5 ¶¶ 1, 6. For the reasons discussed below, the Court should deny his motion.

A putative party must be allowed to intervene if he "is given an unconditional right to intervene by a federal statute," or if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect" that interest. FED. R. CIV. P. 24(a)(1), (2).

As an initial matter, Wallace fails to identify any federal statute that gives him an unconditional right to intervene. Nor does he demonstrate any personal interest in the subject of this action or explain how the disposition of this case would impair that interest. These failures alone are sufficient to deny the motion. But even if Wallace could establish such an interest in the case, he also has the burden of establishing inadequate representation. *See Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996); FED. R. CIV. P. 24(a)(2). Wallace appears to assert that Plaintiffs are inadequately representing his interests because they have not sued Senator John McCain for his votes in the Senate related to the repeal of the Affordable Care Act. Doc. 5 ¶¶ 5–6. Wallace does not identify any viable cause of action that could or should be asserted against Senator McCain, nor does he explain why such a claim would be necessary for Plaintiffs to obtain the relief that they seek in their Complaint for

Declaratory and Injunctive Relief (Doc. 1). For all of these reasons, he has not met his burden of showing a right to intervene under Rule 24(a).

To the extent he asserts it, Wallace also fails to satisfy Rule 24(b), the "permissive intervention" rule. This subsection states that a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). As with the analysis of necessary interventions under Rule 24(a), the trial court may consider whether an intervenor's interests are adequately represented by other parties. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). The Fifth Circuit rarely, if ever, reverses a district court's decision denying permissive intervention. *Id.* at 1289–90.

Wallace's allegations against Senator McCain do not involve common questions of law or fact with those asserted in Plaintiffs' complaint. This case can be litigated through the claims Plaintiffs have brought against the government officials and entities responsible for implementing the Affordable Care Act. Adding Senator McCain to this lawsuit is unnecessary and unfounded in statutes or the governing case law. As the addition of Senator McCain as a defendant appears to be the sole basis for Wallace's motion, the Court should decline to allow Wallace to intervene.

***

Plaintiffs respectfully request that the motion to intervene (Doc. 5) be denied.

Respectfully submitted this the 22nd day of March, 2018,

BRAD SCHIMEL
Attorney General of Wisconsin

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

MARK BRNOVICH
Attorney General of Arizona

PAM BONDI
Attorney General of Florida

CHRISTOPHER CARR
Attorney General of Georgia

CURTIS HILL
Attorney General of Indiana

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

JOSH HAWLEY
Attorney General of Missouri

DOUG PETERSON
Attorney General of Nebraska

WAYNE STENEHJEM
Attorney General of North Dakota

ALAN WILSON
Attorney General of South Carolina

MARTY JACKLEY
Attorney General of South Dakota

HERBERT SLATERY, III
Attorney General of Tennessee

SEAN REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

*/s/ Darren McCarty*
DARREN McCARTY
Special Counsel for Civil Litigation
Texas Bar No. 24007631
darren.mccarty@oag.texas.gov

AUSTIN R. NIMOCKS
Special Counsel for Civil Litigation

Attorney General of Texas
P.O. Box 12548, Mail Code 001
Austin, Texas 78711-2548
Tel: 512-936-1414

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

     I certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered as CM/ECF users, and via certified mail to the following:

     Stephen P. Wallace
     1116 Sheffer Road, Apt. F
     Auroroa, Illinois 60505

                          */s/Darren McCarty*
                          DARREN MCCARTY