**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| TEXAS, WISCONSIN, ALABAMA, ARKANSAS, ARIZONA, FLORIDA, GEORGIA, INDIANA, KANSAS, LOUISIANA, PAUL LePAGE, Governor of Maine, MISSISSIPPI, by and through Governor Phil Bryant, MISSOURI, NEBRASKA, NORTH DAKOTA, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, UTAH, and WEST VIRGINIA, <br><br>                                    Plaintiffs, <br><br>          v. <br><br> UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ALEX AZAR, in his Official Capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, UNITED STATES INTERNAL REVENUE SERVICE, and DAVID J. KAUTTER, in his Official Capacity as Acting COMMISSIONER OF INTERNAL REVENUE, <br><br>                                    Defendants. <br><br> CALIFORNIA, CONNECTICUT, DISTRICT OF COLUMBIA, DELAWARE, HAWAII, ILLINOIS, KENTUCKY, MASSACHUSETTS, MINNESOTA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, VIRGINIA, AND WASHINGTON, <br><br>                Proposed Intervenors-Defendants. | Civil Action No.  4:18-cv-00167-O |

**[PROPOSED] ANSWER IN INTERVENTION BY CALIFORNIA, CONNECTICUT, DISTRICT OF COLUMBIA, DELAWARE, HAWAII, ILLINOIS, KENTUCKY, MASSACHUSETTS, MINNESOTA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, VIRGINIA, AND WASHINGTON**

Intervenors-Defendants the States of California, Connecticut, District of Columbia, Delaware, Hawaii, Illinois, Kentucky, Massachusetts, Minnesota, New Jersey, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, and Washington in response to the Complaint for Declaratory and Injunctive Relief ("Complaint") on file herein, admit, deny, and allege as follows:

Plaintiffs' introduction (Compl. pp. 1-5) is a statement of the case and contains conclusions of law to which no response is required. To the extent that a response is required, Intervenors-Defendants deny the allegations and any mischaracterizations of the legal authorities therein, except that they admit that Plaintiffs seek declaratory and injunctive relief. Specifically, Intervenors-Defendants deny that the ACA has been rendered and is unconstitutional. Further, the referenced legal authorities, including the following, speak for themselves: United States Constitution, the Patient Protection and Affordable Care Act (ACA), the Tax Cut and Jobs Act of 2017, 42 U.S.C.A. § 18091, *NFIB v. Sebelius*, 567 U.S. 519 (2012), *King v. Burwell*, 135 S. Ct. 2480 (2015), *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678 (1987), *Heller v. Doe*, 509 U.S. 312 (1993), and *Armour v. City of Indianapolis*, 566 U.S. 673 (2012), and Intervenors-Defendants respectfully refer the Court to these authorities for a complete and accurate statement of their contents and holdings. Also, the referenced Congressional Budget Office Report, related to Tax Cut and Jobs Act of 2017, speaks for itself, and the Intervenors-Defendants respectfully refer the Court to that report for a complete and accurate statement of its contents.

## I. PARTIES

1-3. Answering the allegations contained in paragraphs 1-3, Intervenors-Defendants admit that Texas, Wisconsin, Alabama, Arkansas, Arizona, Florida, Georgia, Indiana, Kansas, Louisiana, Maine, Mississippi, Missouri, Nebraska, North Dakota, South Carolina, South Dakota, Tennessee, Utah, and West Virginia are States in the United States of America, that Phil Bryant is currently Governor of Mississippi, and that Paul LePage is currently Governor of Maine.

4. Answering the allegations contained in paragraph 4, Intervenors-Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 4, and therefore on that basis deny all allegations therein.

5. Answering the allegations contained in paragraph 5, Intervenors-Defendants admit that Plaintiffs have named the listed Defendants in this action.

6. Answering the allegations contained in paragraph 6, Intervenors-Defendants admit that the Department of Health and Human Services is an agency of the United States and is responsible for administering certain provisions of the ACA.

7. Answering the allegations contained in paragraph 7, Intervenors-Defendants admit that the Internal Revenue Service is a Bureau of the Department of Treasury and is responsible for administering certain provisions of the ACA.

8. Answering the allegations contained in paragraph 8, Intervenors-Defendants deny the allegations.

## II. JURISDICTION AND VENUE

9-11. Without admitting that Plaintiffs are entitled to any relief, Intervenors-Defendants do not dispute the jurisdiction and venue allegations in paragraphs 9-11, except that if Plaintiffs lack standing to pursue the claims of this action and/or said claims are not ripe for review that would preclude the District Court from exercising jurisdiction over the dispute.

## III. FACTUAL BACKGROUND

A.  The Individual Mandate and the Affordable Care Act.

12. Answering the allegations contained in paragraph 12, Intervenors-Defendants admit the allegations.

13. Answering the allegations contained in paragraph 13, Intervenors-Defendants admit that the congressional findings at 42 U.S.C. Code § 18091 contain the selected phrases contained in paragraph 13, and Intervenors-Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents.

14-18. Answering the allegations contained in paragraphs 14-18, Intervenors-Defendants respond that these paragraphs contain Plaintiffs' statement of the case and legal arguments; hence, no response is required. To the extent that a response is required, Intervenors-Defendants deny any mischaracterizations of the legal authorities therein, and Intervenors-Defendants respectfully refer the Court to said authorities for a complete and accurate statement of their contents and holdings.

**B.    The Individual Mandate and the Tax Penalty Are Inextricably Intertwined—One Cannot Exist Without the Other under *NFIB v. Sebelius*.**

19-20. Answering the allegations contained in paragraphs 19-20, Intervenors-Defendants admit that *NFIB*, 567 U.S. 519, addressed constitutional challenges to the ACA.

21-27. Answering the allegations contained in paragraphs 21-27, Intervenors-Defendants respond that these paragraphs contain Plaintiffs' statement of the case and legal arguments; hence, no response is required. To the extent that a response is required, Intervenors-Defendants deny any mischaracterizations of the decision in *NFIB*, 567 U.S. 519 which speaks for itself, and the Intervenor-Defendants respectfully refer the Court to this case for a complete and accurate statement of its holdings.

**C.    The Tax Cuts and Jobs Act of 2017 Repealed The Tax Penalty, Leaving Only the Unconstitutional Individual Mandate.**

28. Answering the allegations contained in paragraph 28, Intervenors-Defendants admit the allegations.

29-35. Answering the allegations contained in Paragraphs 29-35, Intervenors-Defendants respond that these paragraphs contain Plaintiffs' statement of the case and legal arguments; hence, no response is required. To the extent that a response is required, Intervenors-Defendants deny any mischaracterizations of the legal authorities therein, including but not limited to the Tax Cuts and Jobs Act of 2017 and the decision in *NFIB*, 567 U.S. 519, which speaks for themselves, and the Intervenors-Defendants respectfully refer the Court to these legal authorities for a complete and accurate statement of their contents and holdings.

**D.   The ACA, As Amended, Imposes Serious Injury and Irreparable Harm Upon the States and Their Citizens.**

36. Answering the allegations contained in paragraph 36, Intervenors-Defendants deny the allegations.

37. Answering the allegations contained in paragraph 37, Intervenors-Defendants respond that these paragraphs contain Plaintiffs' statement of the case and legal arguments; hence, no response is required.  To the extent that a response is required, the Intervenors-Defendants deny the allegations, including denying the allegations concerning the specific states because they lack sufficient information or knowledge to enable them to admit or deny the allegations in paragraph 37, and therefore on that basis deny all allegations therein.  Intervenors-Defendants further deny any mischaracterizations of the legal authorities therein which speak for themselves, and the Intervenors-Defendants respectfully refer the Court to these legal authorities for a complete and accurate statement of their contents and holdings.

38. Answering the allegations contained in paragraph 38, Intervenors-Defendants respond that these paragraphs contain Plaintiffs' statement of the case and legal arguments; hence, no response is required.  To the extent that a response is required, the Intervenors-Defendants deny the allegations, including specifically denying the allegations that the ACA significantly harms states as providers under Medicaid and the Children's Health and Insurance Program (CHIP).  Intervenors-Defendants further deny any mischaracterizations of the legal authorities therein which speak for themselves, and the Intervenors-Defendants respectfully refer the Court to these legal authorities for a complete and accurate statement of their contents and holdings.

39. Answering the allegations contained in paragraph 39, Intervenor-Defendants respond that these paragraphs contain Plaintiffs' statement of the case and legal arguments; hence, no response is required.  To the extent that a response is required, the Intervenors-Defendants deny the allegations, including specifically denying the allegations that the ACA harms states as large employers.  Intervenor-Defendants further deny any mischaracterizations of the legal authorities therein which speak for themselves, and the Intervenors-Defendants respectfully refer the Court to these legal authorities for a complete and accurate statement of their contents and holdings.

// //

## IV. CLAIMS FOR RELIEF

### COUNT ONE

**Declaratory Judgment That the Individual Mandate of the ACA Exceeds Congress's Article I Constitutional Enumerated Powers**

40. Answering the allegations contained in paragraph 40, Intervenors-Defendants reassert their previous denials and admissions to each and every paragraph of the Complaint as if fully set forth here.

41-52. Answering the allegations contained in paragraphs 41-52, Intervenors-Defendants deny the allegations except that the cited legal authorities speak for themselves, and the Intervenors-Defendants respectfully refer the Court to said authorities for a complete and accurate statement of their contents, and further deny that Plaintiffs are entitled to the relief requested.

### COUNT TWO

**Declaratory Judgment That the ACA Violates the Due Process Clause of the Fifth Amendment to the Constitution**

53. Answering the allegations contained in paragraph 53, Intervenors-Defendants reassert their previous denials and admissions to each and every paragraph of the Complaint as if fully set forth here.

54-62. Answering the allegations contained in paragraphs 54-62, Intervenosr-Defendants deny the allegations except that the cited legal authorities speak for themselves, and the Intervenors-Defendants respectfully refer the Court to said authorities for a complete and accurate statement of their contents; and Intervenors-Defendants further deny that Plaintiffs are entitled to the relief requested.

### COUNT THREE

**Declaratory Judgment That the ACA Violates the Tenth Amendment to the United States Constitution**

63. Answering the allegations contained in paragraph 63, Intervenors-Defendants reassert their previous denials and admissions to each and every paragraph of the Complaint as if fully set forth here.

64-69. Answering the allegations contained in paragraphs 64-69, Intervenors-Defendants deny the allegations except that the cited legal authorities speak for themselves, and the Intervenors-Defendants respectfully refer the Court to said authorities for a complete and accurate statement of their contents; and Intervenors-Defendants further deny that Plaintiffs are entitled to the relief requested.

## COUNT FOUR

### Declaratory Judgment Under 5 U.S.C. § 706 that Agency Rules Promulgated Pursuant to the ACA are Unlawful

70. Answering the allegations contained in paragraph 70, Intervenors-Defendants reassert their previous denials and admissions to each and every paragraph of the Complaint as if fully set forth here.

71-75. Answering the allegations contained in paragraphs 71-75, Intervenors-Defendants deny the allegations except that the cited legal authorities speak for themselves, and the Intervenors-Defendants respectfully refer the Court to said authorities for a complete and accurate statement of their contents; and Intervenors-Defendants further deny that Plaintiffs are entitled to the relief requested.

## COUNT FIVE

### Injunctive Relief Against Federal Officials from Implementing, Regulating, or Otherwise Enforcing the ACA

76. Answering the allegations contained in paragraph 76, Intervenors-Defendants reassert their previous denials and admissions to each and every paragraph of the Complaint as if fully set forth here.

77. Answering the allegations contained in paragraph 77, Intervenors-Defendants deny the allegations and the whole thereof.

## V. PRAYER FOR RELIEF

No response is required to the Prayer for Relief. However, to the extent a response is required, Intervenors-Defendants deny the allegations contained in the Prayer for Relief, and specifically deny that Plaintiffs are entitled to the relief requested.

## VI. DEFENSES

### First Defense

Plaintiffs' Complaint is barred to the extent that Plaintiffs' claims are not ripe for review.

### Second Defense

Plaintiffs' Complaint is barred to the extent that Plaintiffs have failed to exhaust administrative remedies.

### Third Defense

Plaintiffs' Complaint fails to state a claim on which relief can be granted.

## VII. CONCLUSION

WHEREFORE, having fully answered, Intervenors-Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and that Plaintiffs take nothing by the Complaint, and that Intervenors-Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: April 9, 2018              Respectfully submitted,

                                  XAVIER BECERRA
                                  Attorney General of California
                                  JULIE WENG-GUTIERREZ
                                  Senior Assistant Attorney General
                                  KATHLEEN BOERGERS
                                  Supervising Deputy Attorney General
                                  NIMROD P. ELIAS
                                  Deputy Attorney General


                                  /s/ Neli N. Palma
                                  NELI N. PALMA
                                  Deputy Attorney General
                                  California State Bar No. 203374
                                  1300 I Street, Suite 125
                                  P.O. Box 944255
                                  Sacramento, CA 94244-2550
                                  Telephone: (916) 210-7522
                                  Fax: (916) 322-8288
                                  E-mail: Neli.Palma@doj.ca.gov
                                  *Attorneys for Intervenors-Defendants*

Dated:  April 9, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JULIE WENG-GUTIERREZ
Senior Assistant Attorney General
KATHLEEN BOERGERS
Supervising Deputy Attorney General
NIMROD ELIAS
Deputy Attorney General

/s/ Neli N. Palma
NELI N. PALMA
Deputy Attorney General
  California State Bar No. 203374
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA  94244-2550
  Telephone: (916) 210-7522
  Fax: (916) 322-8288
E-mail: Neli.Palma@doj.ca.gov

*Attorneys for Intervenor-Defendants*

GEORGE JEPSEN
Attorney General of Connecticut
JOSEPH R. RUBIN
Associate Attorney General
*Attorneys for Intervenor-Defendant the State of Connecticut*

MATTHEW P. DENN
Attorney General of Delaware
ILONA KIRSHON
Deputy State Solicitor
DAVID J. LYONS
Deputy Attorney General
*Attorneys for Intervenor-Defendant the State of Delaware*

RUSSELL A. SUZUKI
Attorney General of Hawaii
HEIDI M. RIAN
Deputy Attorney General
ROBERT T. NAKATSUJI
Deputy Solicitor General
*Attorneys for Intervenor-Defendant the State of Hawaii*

LISA MADIGAN
Attorney General of Illinois
DAVID F. BUYSSE
Deputy Chief, Public Interest Division
ANNA P. CRANE
Public Interest Counsel
MATTHEW V. CHIMIENTI
Assistant Attorney General, Special Litigation Bureau
*Attorneys for Intervenor-Defendant the*
*State of Illinois*

ANDY BESHEAR
Attorney General of Kentucky
LA TASHA BUCKNER
Executive Director, Office of Civil and Environmental Law
S. TRAVIS MAYO
TAYLOR PAYNE
Assistant Attorneys General
*Attorneys for Intervenor-Defendant*
*the Commonwealth of Kentucky*

MAURA HEALEY
Attorney General of Massachusetts
STEPHEN P. VOGEL
Assistant Attorney General
*Attorneys for Intervenor-Defendant the*
*Commonwealth of Massachusetts*

*OFFICE OF THE ATTORNEY GENERAL*
*State of Minnesota*
SCOTT IKEDA
*Assistant Attorney General*
*Attorneys for Intervenor-Defendant the State of*
*Minnesota by and through its Department of*
*Commerce*

GURBIR S. GREWAL
Attorney General of New Jersey
JEREMY M. FEIGENBAUM
Assistant Attorney General
ANGELA JUNEAU BEZER
Deputy Attorney General
*Attorneys for Intervenor-Defendant the*
*State of New Jersey*

ERIC T. SCHNEIDERMAN
Attorney General of New York
STEVEN C. WU
Deputy Solicitor General
LISA LANDAU
Bureau Chief, Health Care Bureau
ELIZABETH CHESLER
Assistant Attorney General, Health Care Bureau
*Attorneys for Intervenor-Defendant the*
*State of New York*

JOSHUA H. STEIN
Attorney General of North Carolina
SRIPRIYA NARASIMHAN
Deputy General Counsel
*Attorneys for Intervenor-Defendant the*
*State of North Carolina*

ELLEN F. ROSENBLUM
Attorney General of Oregon
HENRY KANTOR
Special Counsel to the Attorney General
SCOTT KAPLAN
Assistant Attorney General
*Attorneys for Intervenor-Defendant the*
*State of Oregon*

PETER KILMARTIN
Attorney General of Rhode Island
MICHAEL W. FIELD
Assistant Attorney General
MARIA R. LENZ
Special Assistant Attorney General
*Attorneys for Intervenor-Defendant the*
*State of Rhode Island*

THOMAS J. DONOVAN, JR.
Attorney General of Vermont
BENJAMIN D. BATTLES
Solicitor General
*Attorneys for Intervenor-Defendant the*
*State of Vermont*

MARK R. HERRING
Attorney General of Virginia
TOBY J. HEYTENS
Solicitor General
MATTHEW R. MCGUIRE
Deputy Solicitor General
*Attorneys for Intervenor-Defendant the*
*Commonwealth of Virginia*

ROBERT W. FERGUSON
Attorney General of Washington
JEFFREY G. RUPERT
Chief, Complex Litigation Division
JEFFREY T. SPRUNG
Assistant Attorney General
*Attorneys for Intervenor-Defendant the*
*State of Washington*

KARL A. RACINE
Attorney General for the District of Columbia
ROBYN R. BENDER
Deputy Attorney General
VALERIE M. NANNERY
Assistant Attorney General
*Attorneys for Intervenor-Defendant the*
*District of Columbia*

*Certificate of Service*

On April 9, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

<u>*s/Michelle Schoenhardt*</u>
Michelle Schoenhardt