IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TEXAS,<br>WISCONSIN,<br>ALABAMA,<br>ARKANSAS,<br>ARIZONA,<br>FLORIDA,<br>GEORGIA,<br>INDIANA,<br>KANSAS,<br>LOUISIANA,<br>PAUL LePAGE, Governor of Maine,<br>GOVERNOR PHIL BRYANT OF<br>THE STATE OF MISSISSIPPI,<br>MISSOURI,<br>NEBRASKA,<br>NORTH DAKOTA,<br>SOUTH CAROLINA,<br>SOUTH DAKOTA,<br>TENNESSEE,<br>UTAH,<br>WEST VIRGINIA,<br>NEILL HURLEY, and<br>JOHN NANTZ,<br>           Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT<br>OF HEALTH AND HUMAN<br>SERVICES, ALEX AZAR,<br>in his Official Capacity as<br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES, UNITED<br>STATES INTERNAL REVENUE<br>SERVICE, and DAVID J. KAUTTER,<br>in his Official Capacity as Acting<br>COMMISSIONER OF INTERNAL<br>REVENUE,<br>           Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:18-CV-00167-O |

**PLAINTIFFS-STATES' AND INDIVIDUAL PLAINTIFFS' RESPONSE TO
PUTATIVE INTERVENOR-STATES'
MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF**

The would-be intervening States have moved so quickly that neither they, nor this Court, can assess the merits of their proposed intervention.

Under Rule 24, the purported Intervenor States must show that an existing party will not adequately represent their interests. Fed. R. Civ. P. 24(a)(2). The federal defendants have not yet taken any substantive positions before this Court. The federal defendants have neither filed an answer to the Plaintiffs' amended complaint, *see* Plfs.' Am. Compl. for Dec. and Inj. Relief, Doc. 27 at 2, 5, 33, nor responded to Plaintiffs' application for a preliminary injunction asking this Court to enjoin enforcement of the entire ACA*, see* Plfs.' App. for Prelim. Inj., Doc 39 at 2-3. Without showing inadequate representation, the purported Intervenors cannot demonstrate a right to intervene at this stage in the case. Their intervention should be denied or, at the very least, delayed until the Court can make a full determination of whether the federal defendants will adequately represent their interests.

## I. The Putative Intervenor States Are Not Entitled to Intervene as a Matter of Right.

Rule 24(a)(2) of the Federal Rules of Civil Procedure governs mandatory intervention. A party seeking to intervene as of right must satisfy four requirements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (citation omitted); *see* Fed. R. Civ. P. 24(a)(2).

The fourth element—the issue of whether the federal defendants will not adequately represent the putative Intervenor States' interests—is dispositive here because it is not, and cannot be satisfied at this point in the litigation.

There is no question that the ACA has dramatically affected all States; indeed, the putative Intervenor States argue that "[e]ach [putative] Intervenor State has committed significant state funds and resources to implement the ACA," Doc. 15 at 1.[1] But to intervene, the putative Intervenor States bear the burden of demonstrating that the existing parties do not adequately represent their interests. *Brumfield*, 749 F.3d at 345.[2] The putative Intervenor States admit that they must overcome the presumption of adequate representation that arises "when 'the would-be intervenor has the same ultimate objective as a party to the lawsuit.'" *Id.* (citation omitted); *see* Doc. 15 at 18 (arguing that "even assuming that the putative Intervenor States share the federal defendants' 'ultimate objective,'" the presumption has been overcome). This requires that they show "adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.'" *Texas v. United States*, 805 F.3d at 661–62 (citation omitted).

There is nothing in the record that could indicate a divergence of interests— and certainly nothing indicating adversity, collusion, or nonfeasance. The federal defendants have not hinted at their substantive position.[3] In similar contexts, the Court has delayed ruling on a motion to intervene until after the defendants answered the complaint. *See Franciscan Alliance, Inc. et al. v. Burwell et al.*, No. 7:16-cv-00-108 (N.D. Tex., Wichita Falls Division), Doc. 32 ("[C]onsidering the motion to intervene after Defendants file their answer will provide the Court with enough

---

[1] Plaintiffs do not concede the factual accuracy or relevance of the materials attached to the motion to intervene.

[2] Although it is true, as putative Intervenor States note, that the Fifth Circuit has characterized a putative intervenor's burden as "minimal," *Edwards v. City of Hous.*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc), that burden "cannot be treated as so minimal as to write the requirement completely out of the rule." *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (citation and quotation marks omitted).

[3] The federal defendants will answer and respond to the application for preliminary injunction on June 7th. Based on the Court's order, the federal defendants will not respond the Intervenor States motion to intervene. Doc. 48. The Court and the other litigants will not have complete information about the federal defendants' substantive position until June 7th.

information to determine whether the Putative Intervenors have met their burden to show that their interests are inadequately represented." (citation and quotation marks omitted)).

The same treatment is warranted here. The putative Intervenor States' primary argument is that the federal defendants represent the "broad public interest," not the putative Intervenors' state treasuries or budgets. Doc. 15 at 19. But the Fifth Circuit indicates that reliance on a "broad public interest" argument is insufficient. *See, e.g.*, *Texas v. United States*, 805 F.3d at 663 (citing *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999) for the proposition that "[t]he general notion that the [government] represents 'broader' interests at some abstract level is not enough" under Rule 24(a)); *see also Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) ("[T]he only issue before the court is the validity of the School Prayer Statute and the Attorney General, in defending that statute, can assert the rights of all Mississippians affected by the law, including the Free Exercise rights of the Proposed Intervenors."); *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 168 (5th Cir. 1993) (noting that school district and schoolchildren were seeking "the same outcome" in Establishment Clause challenge, and thus affirming district court's denial of motion to intervene, but modifying the dismissal to be without prejudice because those interests may diverge in the future).

The putative Intervenor States' secondary argument that the federal defendants do not have "an interest in the States' particularized decisions about how to operate their individual healthcare systems," Doc. 15 at 19, ignores that putative Intervenor States contend that they have structured those systems to accord with the Affordable Care Act. *Id.* at 1. It follows that if the federal defendants defend the constitutionality of the entire Affordable Care Act, putative Intervenor States'

interest in their healthcare systems will be adequately defended. Finally, their reliance on *Brumfield* for the proposition that a government's broad, extensive interests *might* result in inadequate representation is unhelpful because the Fifth Circuit rejected the presumption of adequate representation there, 749 F.3d at 345, which, by contrast, is not contested here, Doc. 15 at 18.

A common thread runs through the cases relied upon by the putative Intervenor States: in each instance, the Fifth Circuit determined that a governmental defendant's representation was inadequate based on litigation positions *already on display*. For instance, in *Texas v. United States*, Texas sued the federal government to halt the enforcement of the Deferred Action for Parents of Americans (DAPA) program. 805 F.3d at 655–56. Private Jane Does, potential beneficiaries of the program, sought to intervene. *Id.* The court noted that the federal government had taken a position directly adverse to the private plaintiffs there—namely, that states may refuse to issue them drivers' licenses. *Id.* at 663. Thus, intervention was warranted in that particular instance.

The other cases putative Intervenor States cite reveal similar tensions in litigation strategies among parties purportedly on the same side of an issue. *See, e.g.*, *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) (private plaintiffs did not seek to defend all portions of the challenged statutory provisions, whereas the state agency did); *Entergy Gulf States La., L.L.C. v. E.P.A.*, 817 F.3d 198, 204 (5th Cir. 2016) (parties' divergent approach as to whether to stay and bifurcate proceedings warranted intervention); *Brumfield*, 749 F.3d at 346 ("[T]he parents are staking out a position significantly different from that of the state, which apparently has conceded the continuing jurisdiction of the district court.").

No such tension exists here. At this stage in the case, putative Intervenor

States can do no more than speculate that their legal positions are "significantly different" from the federal defendants'. Doc. 15 at 19. Intervenors point to positions that the Department of Justice took in *NFIB v. Sebelius*, 567 U.S. 519 (2012), Doc. 15 at 20. Whatever the legal effect of the Department of Justice's position in *NFIB*, federal defendants have not yet taken a position (particularly, whether they intend to stand by their earlier positions) on any substantive issue in this case.

Without the crucial finding of inadequate representation, putative Intervenor States cannot meet their burden under Rule 24(a). *See Texas v. United States*, 805 F.3d at 657 (noting that putative intervenors must "meet each of the four requirements of Rule 24(a)(2)"). There are consequences for unnecessarily admitting purported intervenors. "Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc*. 51 F. Supp. 972, 973 (D. Mass. 1941) (J. Wyzanski)). The motion to intervene as of right should therefore be denied.

II. **The Putative Intervenor States Should Not Be Granted Permissive Intervention.**

Rule 24 also authorizes permissive intervention. The portion of the rule concerning permissive intervention provides, in relevant part: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action on a common question of law or fact." Fed. R. Civ. P. 24(b). Even if the conditions set forth in Rule 24(b) are satisfied, however, it remains within the discretion of the district court to determine whether to allow the intervention. *N.O. Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 471 (5th Cir. 1984) (holding

that permissive intervention is discretionary even where "there is a common question or law or fact, or the requirements are Rule 24(b) are otherwise satisfied"). Stated differently, permissive intervention is "wholly discretionary." *Id.* Accordingly, district court decisions on Rule 24(b) motions receive an "exceedingly deferential" standard of review. *Ingebretsen,* 88 F.3d at 281. Absent a "clear abuse of discretion," the district court's ruling will stand. *Cajun Elec. Power Coop., Inc. v. Gulf States Utils., Inc.,* 940 F.2d 117, 121 (5th Cir. 1991). This is perhaps why the Fifth Circuit has never "reversed a lower court's decision on Rule 24(b) intervention." *Ingebretsen*, 88 F.3d at 281.[4]

As discussed above, putative Intervenor States have failed to rebut the presumption of adequate representation. This alone is sufficient grounds for denying permissive intervention as unnecessary and thereby needlessly complicating the litigation. *See, e.g.*, *Staley v. Harris Cty.*, 160 F. App'x 410, 414 (5th Cir. 2005) (denial of permissive intervention was proper where another party "adequately represents [intervenor's] interests"); *EEOC v. Air Exp. Int'l, USA, Inc.*, No. 3:11-CV-2581-L, 2011 WL 6409121, at *3 (N.D. Tex. Dec. 21, 2011) (same).

For these reasons, and those discussed above, permissive intervention should also be denied.

***

The Court should deny putative Intervenor States' motion to intervene (Doc. 15), or alternatively, delay ruling on the motion until the federal defendants respond

---

[4] Plaintiffs are aware of no Fifth Circuit case after *Ingebtretsen* reversing a district court's denial of a Rule 24(b) motion. On the other hand, there are several Fifth Circuit cases affirming the denial intervention under Rule 24(b). *See, e.g.*, *Staley v. Harris Cnty. Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam); *Pruett v. Harris Cty. Bail Bond Bd.*, 104 F. App'x 995, 997 (5th Cir. 2004) (per curiam); *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996).

to Plaintiffs' complaint or otherwise provide the Court with sufficient evidence to perform an adequacy of representation analysis.

Respectfully submitted this the 30th day of April, 2018,

BRAD SCHIMEL
Attorney General of Wisconsin

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

MARK BRNOVICH
Attorney General of Arizona

PAM BONDI
Attorney General of Florida

CHRISTOPHER CARR
Attorney General of Georgia

CURTIS HILL
Attorney General of Indiana

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

JOSH HAWLEY
Attorney General of Missouri

DOUG PETERSON
Attorney General of Nebraska

WAYNE STENEHJEM
Attorney General of North Dakota

ALAN WILSON
Attorney General of South Carolina

MARTY JACKLEY
Attorney General of South Dakota

HERBERT SLATERY, III
Attorney General of Tennessee

SEAN REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

*/s/ Darren McCarty*
DARREN McCARTY
Special Counsel for Civil Litigation
Texas Bar No. 24007631
darren.mccarty@oag.texas.gov

AUSTIN R. NIMOCKS
Special Counsel for Civil Litigation

Attorney General of Texas
P.O. Box 12548, Mail Code 001
Austin, Texas 78711-2548
Tel: 512-936-1414

*ATTORNEYS FOR PLAINTIFF STATES*

*/s/ Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
Tel: (512) 472-2700

*ATTORNEY FOR INDIVIDUAL-PLAINTIFFS*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and via certified mail to the following:

Stephen P. Wallace
1116 Sheffer Road, Apt. F
Aurora, Illinois 60505


*/s/ Darren McCarty*
DARREN MCCARTY