# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00167-O |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| CALIFORNIA, et al. | § | |
| | § | |
| Proposed Intervenors-Defendants. | § | |

## ORDER

Before the Court is the States of California, Connecticut, District of Columbia[1], Delaware, Hawaii, Illinois, Kentucky, Massachusetts, Minnesota, New Jersey, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, and Washington's (the "Proposed Intervenor States") Motion to Intervene (ECF No. 15), filed April 9, 2018. Plaintiffs, led by the State of Texas, are comprised of the States of Alabama, Arizona, Arkansas, Florida, Georgia, Indiana, Kansas, Louisiana, Mississippi, Missouri, Nebraska, North Dakota, South Carolina, South Dakota, Tennessee, Utah, West Virginia, Wisconsin, Governor Paul LePage of Maine, and individuals Neill Hurley and John Nantz. Plaintiffs responded on April 30, 2018. Pls.' Resp. States' Mot. Intervene, ECF No. 49. The Proposed Intervenor States replied on May 4, 2018. Reply Mot. Intervene, ECF No. 67.

---

[1] For convenience, the Court will refer to the District of Columbia as a state.

Defendants the United States of America, the United States Department of Health and Human Services, Alex Azar, in his official capacity as Secretary of Health and Human Services, the United States Internal Revenue Service, and David J. Kautter, in his official capacity as Acting Commissioner of Internal Revenue (collectively, the "Federal Defendants") have not yet filed a responsive pleading to the amended complaint or the Plaintiffs' motion for preliminary injunction. The Federal Defendants do not object to the Court ruling on the Proposed Intervenor States' motion without an opportunity to file a response.[2]

The motion is ripe for review. Having considered the motion, briefing, and applicable law, the Court finds that the Proposed Intervenor States' Motion to Intervene (ECF No. 15) should be and is hereby **GRANTED** for the reasons stated below.

I.    BACKGROUND

The Proposed Intervenor States seek to intervene as Defendants in this case under Federal Rule of Civil Procedure 24(a)(2), arguing that they meet the standard for intervention as a matter or right, and alternatively, they move for permissive intervention under Federal Rule of Civil Procedure 24(b).

Plaintiffs seek a declaration that the Patient Protection and Affordable Care Act (the "ACA"), as recently amended, is unconstitutional. Am. Compl. 2, ECF No. 27. Plaintiffs argue that the Tax Cuts and Jobs Act of 2017 (the "TCJA") eliminated the tax for failure to comply with the individual mandate of the ACA. Without that tax, Plaintiffs' assert, the Supreme Court's saving construction of the ACA's individual mandate no longer protects the mandate from constitutional attack. *Id.* at 2–3 (citing *NFIB v. Sebelius*, 567 U.S. 519 (2012)). Plaintiffs further argue that, as

---

[2] The Court previously considered whether it would be necessary for the Federal Defendants to respond to the motion to intervene and found it would not be. *See* April 30, 2018 Order, ECF No. 48.

the dissenting Justices reasoned in *NFIB*, the individual mandate is not severable from the rest of the ACA. Plaintiffs assert that a ruling declaring the individual mandate unconstitutional would necessarily result in the entire ACA being struck down. Am. Compl. 4, ECF No. 27; *NFIB*, 567 U.S. at 691–707. The Proposed Intervenor States wish to intervene to "protect their own distinct fiscal, economic, sovereign, and quasi-sovereign interests" in the ACA and this litigation. States' Mot. Intervene 1, ECF No. 15.

## II.    LEGAL STANDARD

### A.    Intervention as a Matter of Right (Rule 24(a))

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) provides that "[o]n timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a) (emphasis added). Accordingly, to intervene as of right under Rule 24(a)(2), the Fifth Circuit requires that: (1) the intervention application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the existing parties must inadequately represent the applicant's interest. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist. & State of La.*, 493 F.3d 570, 578 (5th Cir. 2007). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis*, 493 F.3d at 578; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

3

B.        **Permissive Intervention (Rule 24(b))**

Rule 24(b) provides that "[o]n timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Accordingly, permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

## III.    ANALYSIS

The Proposed Intervenor States argue that they have met their burden to intervene as a matter or right under Rule 24(a), and, in the alternative, that the Court should permit them to intervene under Rule 24(b).

A.        **Intervention as a Matter of Right (Rule 24(a))**

The first three requirements of Rule 24(a) intervention—a timely motion, an interest in the property or transaction that is a subject of the action, and a practical risk that disposition of the action would impair or impede the Proposed Intervenor States' ability to protect their interest—are undisputed. *See* Pls.' Resp. 2–6, ECF No. 49. Only the fourth requirement is at issue—whether the existing parties inadequately represent the interest of the Proposed Intervenor States in this

case. The Proposed Intervenor States argue that this requirement is a "minimal" one, and that their burden is satisfied by showing that they: (1) represent the interests of their residents; (2) have a strong interest in protecting their entitlement to hundreds of billions of dollars under the ACA; and (3) must ensure that their residents have access to high quality healthcare. States' Mot. Intervene 19, ECF No. 15. Plaintiffs argue that, without a response from the Federal Defendants indicating otherwise, the record does not show that the Federal Defendants have divergent interests or will not adequately represent the interests of the Proposed Intervenor States. The Court agrees and finds that the Proposed Intervenor States have not met their burden.

The Proposed Intervenor States argue that they "have specified the 'particular ways in which their interests diverge'" from the Federal Defendants. *Id.* at 20 (quoting *Texas v. United States*, 805 F.3d 653, 663 (5th Cir. 2015)). But that is not the case. Instead, the Proposed Intervenor States argue that the Federal Defendants must necessarily represent the "broad public interest." States' Mot. Intervene 19, ECF No. 15. The Fifth Circuit has previously ruled that this type of abstract argument is insufficient to satisfy Rule 24(a). *See Texas*, 805 F.3d at 663 (citing *Daggett v. Comm'n of Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999)). The Court finds that without at least a preview of the substantive arguments, defenses, and claims by all parties in this case, the Court lacks necessary information. Accordingly, Proposed Intervenor States have not met their burden to show that they are inadequately represented, and therefore they are not entitled to intervene under Rule 24(a). *Cf. Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (stating the burden of showing inadequate representation rests with the putative intervenor).

    **B.**    **Permissive Intervention (Rule 24(b))**

The Proposed Intervenor States alternatively move for intervention under Rule 24(b), which permits the Court to use its discretion to grant intervention where the application is timely, there is a common question of law or fact, and there will be no undue delay or prejudice to the original parties. *Kneeland*, 806 F.2d at 1289; *In re Enron Corp.*, 229 F.R.D. at 131. The Fifth Circuit has also instructed that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be obtained." *Texas*, 805 F.3d at 657 (citing *Sierra Club*, 18 F.2d at 1205).

First, as discussed above, the timeliness of the motion is undisputed. *See supra* Part III.A (citing Pls.' Resp. Mot. Intervene 2–6, ECF No. 48). Second, it is clear that the Proposed Intervenor States have a defense that shares a question of law with the Plaintiffs. While Plaintiffs argue the TCJA effectively strips the ACA of its constitutionality through the gutting of the individual mandate's revenue production, Proposed Intervenor States seek to defend the ACA to protect "their existing healthcare infrastructure and the orderly operation of their healthcare systems, which would be thrown into disarray if the ACA were ruled unconstitutional." *Contrast* Am. Compl. 2–4, ECF No. 27 *with* States' Mot. Intervene 19, ECF No. 15. Third, the Court sees no reason why the intervention would cause undue delay or prejudice to the original parties. The Court will hold the Proposed Intervenor States to the same briefing schedule as the original parties, and finds that full and adequate briefing on all sides of this case will not cause prejudice. *Cf. Texas*, 805 F.3d at 657 (where greater justice can be obtained, intervention should be permitted).

The Court therefore exercises its discretion and **GRANTS** the Proposed Intervenor States' motion to intervene under Rule 24(b).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Proposed Intervenor States' Motion to Intervene (ECF No. 15) should be and is hereby **GRANTED**. The Court will hold the Proposed Intervenor States to the same briefing schedule as Defendants in this case, as set by the Court's April 24, 2018 Order. *See* ECF No. 28.

**SO ORDERED** on this **16th day** of **May, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE