IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TEXAS, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| WG Hall, LLC, d/b/a ATWORK PERSONNEL and QUICKWAY DISTRIBUTION SERVICES, INC., | § § § |
| | § |
| Proposed Intervenors-Plaintiffs, | § |
| | § |
| v. | §   Civil Action No. 4:18-cv-00167-O |
| | § |
| UNITED STATES OF AMERICA, et al., | § |
| | § |
| Defendants, | § |
| | § |
| CALIFORNIA, et al., | § |
| | § |
| Intervenors-Defendants. | § |

**ORDER**

Before the Court is WG Hall, LLC d/b/a Atwork Personnel and Quickway Distribution Services, Inc.'s (the "Proposed Intervenor Employers" or "Employers") Motion to Intervene (ECF No. 81), filed May 21, 2018. The Court ordered expedited briefing on the motion and allowed any party to file a response in support or opposition before June 5, 2018. *See* May 22, 2018 Order, ECF No. 85. The Intervenor-Defendants, led by the State of California, and comprised of the States of Connecticut, the District of Columbia[1], Delaware, Hawaii, Illinois, Kentucky, Massachusetts, Minnesota (through its Department of Commerce), New Jersey, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, and Washington responded on May 31, 2018.

---

[1] For convenience, the Court refers to the District of Columbia as a state in this Order.

1

Intervenor Defs.' Resp. Employer's Mot. Intervene, ECF No. 86. The Proposed Intervenor Employers replied on June 4, 2018. Employers' Reply, ECF No. 87.

The motion is ripe for review. Having considered the motion, briefing, and applicable law, the Court finds that the Proposed Intervenor Employers' Motion to Intervene (ECF No. 81) should be and is hereby **DENIED** for the reasons stated below.

I.  BACKGROUND

The Proposed Intervenor States seek to intervene as Defendants in this case under Federal Rule of Civil Procedure 24(a)(2), arguing that they meet the standard for intervention as a matter of right, and alternatively, they move for permissive intervention under Rule 24(b).

Plaintiffs seek a declaration that the Patient Protection and Affordable Care Act (the "ACA"), as recently amended, is unconstitutional. Am. Compl. 2, ECF No. 27. Plaintiffs' theory of the case is that the Tax Cuts and Jobs Act of 2017 (the "TCJA") eliminated the tax for failure to comply with the individual mandate of the ACA. Without that tax, Plaintiffs' assert, the Supreme Court's saving construction of the ACA's individual mandate no longer protects the mandate from constitutional attack. *Id.* at 2–3 (citing *NFIB v. Sebelius*, 567 U.S. 519 (2012)). Plaintiffs further argue that, as the dissenting Justices' reasoned in *NFIB*, the individual mandate is not severable from the rest of the ACA. Plaintiffs assert that a ruling declaring the individual mandate unconstitutional would necessarily result in the entire ACA being struck down. Am. Compl. 4, ECF No. 27; *NFIB*, 567 U.S. at 691–707.

The Proposed Intervenor Employers are WG Hall, LLC, d/b/a Atwork Personnel ("WG Hall") and Quickway Distribution Services, Inc. ("Quickway"). Employers' Mot. Intervene 1, ECF No. 81. WG Hall is a temporary staffing company headquartered in Knoxville, Tennessee, who must provide health benefits to comply with the ACA's employer mandate. *Id.* at 1–2. Quickway

is an employee-owned transportation and logistics corporation headquartered in Nashville, Tennessee, and it also is subject to the ACA's employer mandate. *Id.* Both companies find it difficult to provide the minimum required health insurance at reasonable rates to their employees, and have previously been assessed penalties by the Internal Revenue Service (the "IRS") for failure to comply with the employer mandate. *Id.* at 3. The Employers wish to intervene to "provide a critical perspective [ ] on how the ACA's unconstitutional mandate and Congress's zeroing out the individual tax penalty impact and injure private employers." *Id.* at 1. They seek to intervene as Plaintiffs in this case, seek leave of Court to join Plaintiffs' pending motion for a preliminary injunction, and if allowed to intervene, they reserve the right to offer further briefing and evidence beyond the preliminary injunction phase of this case. *Id.* at 8 n.1.

## II. LEGAL STANDARD

### A. Intervention as a Matter of Right (Rule 24(a))

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) provides that "[o]n timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a) (emphasis added). Accordingly, to intervene as of right under Rule 24(a)(2), the Fifth Circuit requires that: (1) the intervention application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the existing parties must inadequately represent the applicant's interest. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist. & State of*

*La.*, 493 F.3d 570, 578 (5th Cir. 2007). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis*, 493 F.3d at 578; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

### B. Permissive Intervention (Rule 24(b))

Rule 24(b) provides that "[o]n timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Accordingly, permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

## III. ANALYSIS

The Proposed Intervenor Employers argue that they have met their burden to intervene as a matter of right under Rule 24(a), and, in the alternative, that the Court should permit them to intervene under Rule 24(b). Employers' Mot. Intervene 3, 11, ECF No. 81.

### A. Intervention as a Matter of Right (Rule 24(a))

The timeliness of the Employers' motion is undisputed. *See generally* Intervenor Defs.' Resp. Employer's Mot. Intervene, ECF No. 86. It is also clear that the Employers have an interest

in this case—the ACA's regulatory scheme imposes requirements upon them to provide health insurance to their employees. Employers' Mot. Intervene 4–6, ECF No. 81.The Employers also point out that the ACA affects their ability to survive in a competitive market, and they wish to inform the Court of the harms that they have suffered in light of the ACA's employer mandate. *Id.* at 6. The Employers argue that because they are subject to the ACA's employer mandate, the disposition of this case—where Plaintiffs challenge the individual mandate as unconstitutional and argue the rest of the ACA is inseverable—necessarily affects them. *See id.* at 6–7. The Court finds these interests sufficient in a Rule 24(a) analysis and also finds that the Employers' rights may be impaired or impeded by their protection of those interests. *See Espy*, 18 F.3d at 1207.

Therefore, the key issue in adjudicating the instant Rule 24(a) motion is the final element: whether the existing parties adequately represent Proposed Intervenor Employers' interests. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). The Employers point out that this burden is a "minimal" one and they absolutely meet the test by showing they "may be" inadequately represented. Employers' Mot. Intervene 9, ECF No. 81 (citing *Sierra Club*, 18 F.3d at 1207). Although the Fifth Circuit has characterized the intervenors' burden as "minimal," *Edwards,* 78 F.3d at 1005, "it cannot be treated as so minimal as to write the requirement completely out of the rule." *Cajun Elec. Power Co–op., Inc. v. Gulf States Utils., Inc.*, 940 F.2d 117, 120 (5th Cir. 1991) (internal quotation marks omitted); *see Veasey v. Perry,* 577 Fed. App'x 261, 263 (5th Cir. 2014) ("[T]his requirement must have some teeth."). Accordingly, Fifth Circuit "jurisprudence has created two presumptions of adequate representation" that intervenors must overcome in appropriate cases. *Edwards*, 78 F.3d at 1005. One presumption arises when "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* Another presumption arises "when the putative representative is a governmental body or officer charged by law with

representing the interests of the [intervenor]." *Id.* If the "same ultimate objective" presumption applies, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* Similarly, if the government-representative presumption applies, the intervenor must show "that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it]." *Id.* (alterations in original) (internal quotation marks omitted). *Texas*, 805 F.3d at 661–62. Here, it is clear that the Proposed Intervenor Employers have the same ultimate objective as Plaintiffs—a declaration from this Court that, under the current state of the law, the individual mandate of the ACA is unconstitutional. Employers' Mot. Intervene 10, ECF No. 81. Accordingly, Employers must show "adversity of interest, collusion, or nonfeasance" on the part of Plaintiffs to overcome the adequacy of representation presumption. *Edwards*, 78 F.3d at 1005. But they have not done so. Proposed Intervenor Employers have provided no evidence or argument that rebuts the presumption of adequate representation, and therefore, intervention as a matter of right is not warranted. Accordingly, the Court **DENIES** Proposed Intervenor Employers' Rule 24(a) motion.

### B. Permissive Intervention (Rule 24(b))

The Proposed Intervenor Employers alternatively move for intervention under Rule 24(b), which permits the Court to use its discretion to grant intervention where the application is timely, there is a common question of law or fact, and there will be no undue delay or prejudice to the original parties. *Kneeland*, 806 F.2d at 1289; *In re Enron Corp.*, 229 F.R.D. at 131. The Fifth Circuit has also instructed that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be obtained." *Texas*, 805 F.3d at 657 (citing *Sierra Club*, 18 F.3d at 1205).

First, as discussed above, the timeliness of the motion is undisputed. *See supra* Part III.A (citing Intervenor Defs.' Resp. Employers' Mot. Intervene, ECF No. 86.). And the common question of law is the constitutionality of the individual mandate as it stands now without a penalty provision. The Court therefore looks to whether the Employers' intervention would cause undue delay or prejudice to the original parties. The Intervenor Defendants argue that it will. They note that the Proposed Intervenor Employers do not assert claims in addition to those in Plaintiffs' complaint and only wish to join the Plaintiffs' application for a temporary injunction. Intervenor Defs.' Resp. Employers' Mot. Intervene 2, 5, ECF No. 86. The Court is unpersuaded by the Intervenor Defendants' argument that allowing the Employers to intervene would cause delay. But, because the Proposed Intervenor Employers only wish to join the Plaintiffs' pending application and not offer evidence, the Court finds that this type of intervention would not serve the interests of justice in this case.[2] *See Texas*, 805 F.3d at 657.

The Court therefore exercises its discretion and **DENIES** the Proposed Intervenor Employers' motion to intervene under Rule 24(b).

IV.     **CONCLUSION**

For the foregoing reasons, the Court finds that the Proposed Intervenor Employers' Motion to Intervene (ECF No. 81) should be and is hereby **DENIED**.

The Court does recognize that the Proposed Intervenor Employers may be able to present arguments important to the resolution of this case. Therefore, the Court will allow the Proposed

---

[2] Proposed Intervenor Employers also argue that their presence will "significantly contribute to the full development of the underlying factual issues" of this case. See Employers' Mot. Intervene 11, ECF No. 81 (citing *New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984). But as far as the Court can tell based on the current state of the briefing, Plaintiffs' bring a facial challenge to the ACA's individual mandate that presents a legal question, not a factual one.

Intervenor Employers to participate in this case as *amici*, provided that they submit an amicus brief in compliance with the Local Rules of this Court or after otherwise obtaining leave of Court. If the Employers wish to file an amicus brief in support of the Plaintiffs' application, the Court will deem the brief timely if filed **on or before June 22, 2018.**

    **SO ORDERED** on this **15th day** of **June, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**