**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| TEXAS, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00167-O |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| CALIFORNIA, et al. | § | |
| Intervenors-Defendants. | § | |

**PLAINTIFFS' STATEMENT ON CONSIDERATION OF THE**
**CONSTITUTIONALITY OF THE INDIVIDUAL MANDATE**
**ON SUMMARY JUDGMENT**

On July 16, the Court issued an order, Doc. 176, noting Federal Defendants' opposition to Plaintiffs' request for the issuance of immediate injunctive relief and their suggestion that the Court "consider construing Plaintiffs' motion as a request for summary judgment . . . ." Doc. 92, Defs. PI Br.20. The Court has provided the parties an opportunity to present additional information in opposition to the Court considering the issues raised by Plaintiffs' application for preliminary injunction in the summary judgment posture. Doc. 176. For the reasons discussed below, Plaintiffs maintain that preliminary injunctive relief is necessary and the Court must treat Plaintiffs' application for a preliminary injunction as requesting that relief under applicable standards. That said, because the parties agree that the matters currently before the Court are purely issues of law, Plaintiffs do not oppose the Court *also* and

*simultaneously* considering Plaintiffs' application as a motion for partial summary judgment on the constitutionality of the ACA's mandate.

***

In their response to Plaintiffs' application for preliminary injunction, Federal Defendants assert that "the injury imposed by the individual mandate is not sufficiently imminent to warrant preliminary injunctive relief, especially where final adjudication would be possible before that injury occurs." Defs. PI Br.20 (citing *Aransas Project v. Shaw*, 775 F.3d 641, 664 (5th Cir. 2014), for the proposition that an injunction may "be issued only if future injury is 'certainly impending'").

Federal Defendants agree that the ACA's individual mandate will be unconstitutional with the repeal of the tax penalty taking effect in 2019. Defs. PI Br.20. It is thus undisputed—at least as between Plaintiffs and Federal Defendants— that Plaintiffs have met their burden of showing a constitutional injury sufficient to constitute irreparable harm. *See* Doc. 40, Pls. PI Br. 41-48; Doc. 175, Pls. PI Reply Br.21-26. This impending harm is sufficient to justify a preliminary injunction. "[T]he injury need not have been inflicted when application is made or be certain to occur; a strong threat of irreparable injury *before trial* is an adequate basis." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (emphasis added) (quoting 9 Wright, Miller & Kane, Fed. Prac. & Proc. § 2948.1 at 153–56)). Because the focus is on whether irreparable harms will flow to the movant prior to trial, and because Federal Defendants do not contest those harms, their focus on whether Plaintiffs' injury is "sufficiently imminent" is misplaced.

2

And contrary to Federal Defendants' suggestion that "final adjudication would be possible before that injury occurs," Defs. PI Br.20, it would be remarkable for this Court to resolve all issues in this case and enter final judgment before January 1, 2019. Not only are the issues in this case particularly complex and important, but only one of Plaintiffs' four claims is currently before the Court: Plaintiffs' preliminary-injunction application does not address their Due Process Clause, Tenth Amendment, or APA claims. *See* Pls. 2d Am. Compl. ¶¶61-83. Because issuing a final judgment on every issue and claim raised in this suit prior to January 1, 2019—the day that the irreparable harm to the plaintiffs begins—is highly unlikely, if not nearly impossible, Plaintiffs' preliminary injunction application is the *only* way for Plaintiffs to obtain relief from the irreparable harms their record evidence has established.

Federal Defendants and Plaintiffs do agree, however, that the constitutionality of the ACA's mandate is a "pure question of law." Defs. PI Br.20. Discovery and further factual development of the record are unnecessary for the Court to determine whether the mandate falls upon the elimination of the tax penalty. For that reason, the Court could treat Plaintiffs' application for preliminary injunction as a combined application for preliminary injunction and motion for partial summary judgment on their declaratory judgment claim that the mandate exceeds Congress's Article I powers. *See* Pls. 2d Am. Compl. ¶¶48-60; *e.g.*, *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 892 F.2d 1238, 1269 (5th Cir. 1990) (affirming summary judgment granted prior to discovery being conducted because "many of the issues raised by the summary judgment motions were purely legal and . . . discovery would therefore not aid their

resolution"); *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 359 (5th Cir. 1992) ("As the issues to be decided by the district court were purely legal in nature, the court did not abuse its discretion in deciding the summary judgment motion prior to completion of discovery.").

Construing Plaintiffs' application in this way would not change any standards for the granting or denial of either motion, but would serve judicial economy because there is no need for the parties to rehash the legal issues surrounding the unconstitutionality of the individual mandate—and the severability of the remainder of the ACA—on later summary judgment briefing en route to a final resolution of this litigation.[1]

---

[1] To the extent that the Court were to treat Plaintiff's application for a preliminary injunction as a partial summary judgment motion only, that would be the practical denial of a request for injunctive relief, which would be immediately appealable. 28 U.S.C. § 1292(a)(1) (authorizing appellate jurisdiction from orders "refusing or dissolving injunctions"); *Carson v. American Brands, Inc.*, 450 U.S. 79, 83 (1981) (orders that have the "practical effect" of denying injunctive relief are immediately appealable).

Dated, July 30, 2018

BRAD D. SCHIMEL
Wisconsin Attorney General

MISHA TSEYTLIN
Wisconsin Solicitor General

KEVIN M. LEROY
Wisconsin Deputy Solicitor General

State of Wisconsin
Department of Justice
17 West Main Street
P.O. Box 7857
Madison, Wisconsin 53707-7857
Tel: (608) 267-9323

*Attorneys for Wisconsin*

*/s/ Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
Tel: (512) 472-2700

*Attorney for Individual-Plaintiffs*

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY D. STARR
Deputy First Assistant Attorney
General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

*/s/ Darren McCarty*
DARREN MCCARTY
Special Counsel for Civil Litigation
Texas Bar No. 24007631
darren.mccarty@oag.texas.gov

AUSTIN R. NIMOCKS
Special Counsel for Civil Litigation

DAVID J. HACKER
Special Counsel for Civil Litigation

Attorney General of Texas
P.O. Box 12548, Mail Code 001
Austin, Texas 78711-2548
Tel: 512-936-1414

*Attorneys for Texas*

## Additional Counsel

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

MARK BRNOVICH
Attorney General of Arizona

PAM BONDI
Attorney General of Florida

CHRISTOPHER M. CARR
Attorney General of Georgia

CURTIS HILL
Attorney General of Indiana

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

JOSH HAWLEY
Attorney General of Missouri

DOUG PETERSON
Attorney General of Nebraska

WAYNE STENEHJEM
Attorney General of North Dakota

ALAN WILSON
Attorney General of South Carolina

MARTY JACKLEY
Attorney General of South Dakota

HERBERT SLATERY, III
Attorney General of Tennessee

SETH REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and via certified mail to the following:

Stephen P. Wallace
1116 Sheffer Road, Apt. F
Aurora, Illinois 60505

*/s/Darren McCarty*
DARREN MCCARTY