# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

**TEXAS, et al.,**                                                              **PLAINTIFFS**
v.                    Case No. 4:18-cv-00167-O
**UNITED STATES
OF AMERICA, et al.,**                                                           **DEFENDANTS**
and
**CALIFORNIA, et al.,**                    **INTERVENOR-DEFENDANTS**

## AMICUS BRIEF OF CAREY BRIAN MEADORS

COMES NOW, Carey Brian Meadors, an individual, who respectfully submits this short amicus brief.

1. Carey Brian Meadors (the "Amicus") is an individual citizen residing in North Carolina. He is a former naval nuclear submarine officer and married father of three.

2. Amicus is unaffiliated with the advocacy groups that are most associated with the ongoing debate concerning the Affordable Care Act. He files this on his own behalf, on his own initiative, and without suggestion from or the behest of anyone or any organization.

**A. Interest of the Amicus**

3. This case affects the Amicus because, should Plaintiffs be successful in their suit, the protections of the Affordable Care Act would be voided. Losing

those protections will lead to Amicus's early death preceded by a painful and humiliating sickness.[1]

4.  Two protections given by the Affordable Care Act have saved Amicus and are necessary to protect his life going forward.

    4.1.  Protection One:  Health plans may no longer stop paying when an insured becomes too expensive.  In Amicus's case, if Plaintiffs are successful, the "too expensive" mark would be met quickly.

    4.2.  Protection Two:  If Plaintiffs are successful, the pre-existing condition protections would evaporate.[2]  That loss would not only harm people, but also the free market—if the labor force is not able to freely

---

[1]  Amicus suffers from an incurable form of Cushing's Disease, a rare endocrine disorder requiring expensive and life-long medical care.  Without treatment, the disease causes weight gain, irritability, short-term memory loss, decreased libido, severe fatigue, muscle weakness, depression, and anxiety.  Untreated people with Cushing's Disease have a significantly lower quality of life and die earlier than those without.  *See, e.g.*, Feelders, Pulgar, Kempel, and Pereira, "The burden of Cushing's disease: clinical and health-related quality of life aspects," EUR J ENDOCRINOL. 2012 Sep;167(3):311-26 (located at https://www.ncbi.nlm.nih.gov/pubmed/22728347/ (visited June 9, 2018)); Huguet, Ntali, Grossman, and Karavitaki, "Cushing's Disease - Quality of Life, Recurrence and Long-term Morbidity," EUR ENDOCRINOL. 2015 Apr;11(1):34-38 (located at https://www.ncbi.nlm.nih.gov/pubmed/29632565 (visited June 9, 2018)).

[2]  Some officials have given vague promises that legislation preserving pre-existing condition protections would be passed if Plaintiffs are successful.  That is unlikely; such protections are only affordable if everyone, not just sick people, have insurance, and it's the everyone part that Plaintiffs are against.  Thus, officials' promises about preserving pre-existing condition protections are empty because without the mandate, nobody with pre-existing conditions would be able to afford health insurance.  *Cf.* Congressional Budget Office, *How Repealing Portions of the Affordable Care Act Would Affect Health Insurance Coverage and Premiums* (Jan. 2017) (located at https://www.cbo.gov/publication/52371 (visited July 22, 2018)).

move from one employer to another or be self-employed, the market suffers. Given that health insurance in the U.S. is largely employer-sponsored, losing ACA protections means folks with pre-existing medical conditions cannot, as a practical matter, start their own companies—they wouldn't be able to buy insurance covering their conditions.

5. The ACA allows Amicus to lead a symptom-free and longer life. He can watch his children grow; he can support his family. The ACA gives Amicus the option to change employers or strike out on his own. In short, the ACA allows Amicus to be an engaged, productive member of society.

### B. There is a difference between lowering a tax rate and eliminating a tax.

6. Plaintiffs are relying on the "zero tax" as their way to kill the ACA. They argue that because Congress lowered the amount of the ACA mandate/tax, the mandate is no longer a tax.

7. Plaintiffs are conflating the *existence* of a tax with the *amount* of the tax. Congress did not eliminate the tax. It still exists. Congress merely reduced the rate. *See* P.L. 115-97, 131 Stat. 2092, § 11081 (Dec. 2017).

### C. Plaintiffs' arguments ignore tenets of statutory construction.

8. Plaintiffs' argument—that Congress lowering a tax rate results in the collapse of the primary legislation governing the health care industry—ignores

tenets of statutory construction.

    8.1.  It is black letter law that statutes should be construed to effect the intent of Congress.

        8.1.1.  Here, it's clear <u>Congress intended to preserve the ACA because efforts to repeal it failed</u>.  *See, e.g.*, https://www.washingtonpost.com/news/the-fix/wp/2017/07/28/how-john-mccains-no-vote-on-health-care-played-out-on-the-senate-floor/?utm_term=.ac410e399b2f (visited July 21, 2018).

        8.1.2.  Thus, this same Congress's lowering of the mandate's tax rate was just that—a lowering of the rate, not an elimination of the ACA.

    8.2.  Further, Plaintiffs' argument would require the Court to find that Congress repealed the ACA by implication.  That construction is strongly disfavored.  "It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible." *U.S. v. Borden Co.*, 308 U.S. 188, 198 (1939).  Statutory construction rules require the Court to, if possible, interpret the new tax law in a way that also preserves the ACA.

## Conclusion

9.  Plaintiffs' attorneys general are attempting to do judicially what their party failed to do legislatively.  This Court should reject their invitation.

Determining health care policy is Congress's job.

CERTIFICATE OF SERVICE: I electronically submitted this document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2)

Thursday, July 26, 2018

Carey Brian Meadors
4222 Stratton Village Ln
Wilmington, NC  28409
brianmeadors@gmail.com
(205) 873-9599

/s _____

Carey Brian Meadors