**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| TEXAS, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>      Defendants,<br><br>and<br><br>CALIFORNIA, *et al.*,<br><br>      Intervenor-Defendants. | Civil Action No. 4:18-cv-00167-O |

**FEDERAL DEFENDANTS' RESPONSE TO INTERVENOR-DEFENDANTS'
MOTION FOR EXPEDITED CONSIDERATION, CLARIFICATION
OR STAY, AND ENTRY OF PARTIAL FINAL JUDGMENT
<u>OR CERTIFICATION UNDER 28 U.S.C. § 1292(b)</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................3

    I.      Federal Defendants Agree That the Court Should Clarify that No Stay of This Court's December 14 Order Is Necessary Because the Order Is Not a Final Judgment with Immediate Effect. ...............................................................................3

    II.     Federal Defendants Agree That the Court Should Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b).......................................................6

    III.    Federal Defendants Agree That the Court Should Stay Proceedings Pending Interlocutory Appeal of the December 14 Order. ......................................................9

    IV.    If the Court's December 14 Order Is Final and Effective, Federal Defendants Do Not Object to a Stay of Enforcement Pending Appeal. .....................................10

CONCLUSION.....................................................................................................................11

# **TABLE OF AUTHORITIES**

**CASES**

*Ahrenholz v. Bd. of Trs.*,
   219 F.3d 674 (7th Cir. 2000) ............................................................................................... 7

*Avondale Shipyards, Inc. v. Insured Lloyd's*,
   786 F.2d 1265 (5th Cir. 1986) ............................................................................................. 3

*Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*,
   170 F.3d 536 (5th Cir. 1999) ............................................................................................... 4

*Clark–Dietz & Assocs.-Eng'rs v. Basic Constr. Co.*,
   702 F.2d 67 (5th Cir. 1983) ................................................................................................. 6

*Comm. on Judiciary of U.S. House of Representatives v. Miers*,
   542 F.3d 909 (D.C. Cir. 2008) ............................................................................................ 4

*FDIC v. Massingill*,
   24 F.3d 768 (5th Cir.1994) .................................................................................................. 3

*Fla. ex rel. Bondi v. HHS*,
   780 F. Supp. 2d 1256 (N.D. Fla. 2011) ............................................................................... 4

*Fla. ex rel. Bondi v. HHS*,
   780 F. Supp. 2d 1307 (N.D. Fla. 2011) ............................................................................. 11

*Gill v. Whitford*,
   138 S. Ct. 1916 (2018) ...................................................................................................... 10

*Goldin v. Bartholow*,
   166 F.3d 710 (5th Cir. 1999) ............................................................................................. 10

*Great Lakes Dredge & Dock Co. v. Huffman*,
   319 U.S. 293 (1943) ............................................................................................................ 5

*Hightower v. Tex. Hosp. Ass'n*,
   65 F.3d 443 (5th Cir. 1995) ................................................................................................. 6

*In re Microsoft Corp. Antitrust Litig.*,
   274 F. Supp. 2d 741 (D. Md. 2003) .................................................................................... 7

*Jordan v. Pugh*,
   425 F.3d 820 (10th Cir. 2005) ............................................................................................. 8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................................. 9

*Minnesota v. Mille Lacs Band of Chippewa Indians*,
   526 U.S. 172 (1999) ............................................................................................................. 7

*Mohawk Indus., Inc. v. Carpenter*,
   558 U.S. 100 (2009) ............................................................................................................. 6

*Monument Mgmt. Ltd. P'ship I v. City of Pearl*,
   952 F.2d 883 (5th Cir. 1992) ............................................................................................... 8

*Nguyen v. Am. Commercial Lines L.L.C.*,
   805 F.3d 134 (5th Cir. 2015) ............................................................................................... 6

*Nken v. Holder*,
   556 U.S. 418 (2009) ............................................................................................................. 9

*Regan v. Times Inc.*,
   468 U.S. 641 (1984) ............................................................................................................. 7

*Samuels v. Mackell*,
   401 U.S. 66 (1971) ............................................................................................................... 5

*Sanchez-Espinoza v. Reagan*,
   770 F.2d 202 (D.C. Cir. 1985) ............................................................................................. 5

*Streber v. Hunter*,
   221 F.3d 701 (5th Cir. 2000) ............................................................................................... 3

*Tetra Tech., Inc. v. Cont'l Ins. Co.*,
   755 F.3d 222 (5th Cir. 2014) ............................................................................................... 8

*Weinberger v. Romero–Barcelo*,
   456 U.S. 305 (1982) ............................................................................................................. 4

*Winter v. Natural Resources Defense Council*,
   555 U.S. 7 (2008) ........................................................................................................... 4, 10

*Zimzores v. Veterans Admin.*,
   778 F.2d 264 (5th Cir. 1985) ............................................................................................... 3

**STATUTE**

28 U.S.C. § 1292(b) .................................................................................................................... *passim*

**FEDERAL RULES**

Fed. R. Civ. P. 60(b) ........................................................................................................................ 3

Fed. R. Civ. P. 54(b) ............................................................................................................... *passim*

10 Fed. Prac. & Proc. Civ. § 2657 .................................................................................................. 8

**LEGISLATIVE MATERIAL**

S. Rep. No. 85-2434, 1958 WL 3723 ............................................................................................. 9

**INTRODUCTION**

Pursuant to this Court's December 18, 2018 Order (ECF No. 215) expediting briefing on Intervenor-Defendants' December 17, 2018 motion (ECF No. 213) regarding this Court's December 14, 2018 Memorandum Opinion and Order (ECF No. 211) declaring the Patient Protection and Affordable Care Act ("ACA") invalid, Federal Defendants respectfully submit this response to address the four questions posed by the Court: (1) whether a stay of the December 14 Order is warranted, (2) whether the Court should enter partial final judgment on the Order, (3) whether the Court should certify the Order for immediate appeal, and (4) how to treat Counts II through V of the Amended Complaint.

The Federal Defendants appreciate that the Court took several steps to minimize any immediate effects of its declaration that the ACA is invalid. Not only did the Court postpone its ruling until nearly the end of the open enrollment period for the federally facilitated Exchanges, but the Court also declined to enter a preliminary injunction that would have caused immediate disruption to the healthcare markets absent a well-crafted and orderly remedy. Instead, the Court accepted the Federal Defendants' suggestion to enter a declaratory judgment and permit further briefing on complex remedial issues before entering final judgment.

The Federal Defendants understand that all parties are in agreement that the December 14 Order is not final. In an abundance of caution, however, the Federal Defendants agree that the Court should reassure the public that the Court did not intend for its December 14 Order to cause substantial disruption to the healthcare markets by requiring the Federal Defendants immediately to comply with the declaratory judgment. Under Federal Rule of Civil Procedure 54(b) and Fifth Circuit precedent, this Court's December 14 Order granting partial summary judgment to Plaintiffs on Count I of the Amended Complaint is not a final judgment that is immediately effective. That

a declaratory judgment is the functional equivalent of an injunction against the federal government does not change the fact that an order must be final for it to be effective. Indeed, the steps the Court took to minimize the disruptive effect of that Order confirm the Federal Defendants' understanding that the Court did not intend to require immediate compliance. For that reason, a stay of the Order is unnecessary. Nevertheless, in light of the significance of the Court's ruling, the potential disruption to the healthcare markets caused by possible confusion, and the fact that open enrollment for several State-based Exchanges is ongoing, Federal Defendants agree that the Court should clarify the interlocutory nature of the December 14 Order and confirm that it does not require immediate compliance.

Federal Defendants also agree that the Court should certify its December 14 Order for interlocutory appeal under 28 U.S.C. § 1292(b). All parties are in agreement that the Order should be immediately appealable. Certification of the December 14 Order is appropriate because whether the individual mandate is severable from none, portions, or all of the ACA is a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). An immediate appeal of the Court's severability ruling "may materially advance the ultimate termination of the litigation," *id.*, because reversal would drastically narrow the scope of relief, advancing the case's ultimate termination. For similar reasons, if the Court certifies the issue for interlocutory appeal, it should also stay district court proceedings pending appeal. All parties are in agreement on this point as well.

By contrast, it would not be appropriate for the Court to certify a final judgment under Rule 54(b). The December 14 Order does not satisfy Rule 54(b)'s standard for certification of a partial final judgment because no single claim has been fully resolved between the parties. The Amended Complaint alleges only one claim—that the individual mandate is unconstitutional and inseverable

2

from the rest of the ACA—with alternative theories of relief (the Commerce Clause, Due Process, and the Tenth Amendment) and different remedies. Because at least some remedial issues remain, certification of a final judgment would be inappropriate.

If the Court determines that the December 14 Order is immediately effective despite its apparent lack of finality, then Federal Defendants do not object to Intervenor-Defendants' request that the Court stay enforcement of the Order pending appeal. Equity weighs overwhelmingly in favor of a stay because it is undeniable that the Court's ruling is of extraordinary public significance and could affect millions of Americans and impact virtually every aspect of the American healthcare system. Before its full implementation, which could lead to significant changes in the healthcare markets, the validity of the Order should first be confirmed on appeal.

## ARGUMENT

**I.    Federal Defendants Agree That the Court Should Clarify that No Stay of This Court's December 14 Order Is Necessary Because the Order Is Not a Final Judgment with Immediate Effect.**

The December 14 Order granted "partial summary judgment" on Count I of Plaintiffs' Amended Complaint. ECF No. 211 at 55; *see also id.* at 2. "A partial summary judgment order . . . is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000) (quoting *FDIC v. Massingill*, 24 F.3d 768, 774 (5th Cir. 1994)). Such an order "remains within the plenary power of the district court to revise or set aside in its sound discretion without any necessity to meet the requirements of Fed. R. Civ. P. 60(b)." *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986) (citing *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266-67 (5th Cir. 1985)). Indeed, the Court did not enter final judgment pursuant to the requirements of Rule 58, but instead ordered the parties to propose a schedule "for resolving Plaintiffs' remaining claims

in the Amended Complaint." Order to Propose Schedule at 1, ECF No. 212. Accordingly, the December 14 Order is not final and thus has no immediate effect. *Cf. Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (declaratory judgment not final where district court did not issue a Rule 54(b) certification of finality or otherwise indicate an unmistakable intent that it was final).

The Court's order granting partial summary judgment did not become final simply because it took the form of a declaration. A declaratory judgment is the functional equivalent of an injunction against Executive Branch officials only when it is final, *see, e.g.*, *Fla. ex rel. Bondi v. HHS*, 780 F. Supp. 2d 1256, 1305 (N.D. Fla. 2011) (final declaratory judgment that the ACA is unconstitutional), or is an interlocutory order of the type that, by its terms, has practical finality and is immediately appealable, *see, e.g.*, *Comm. on Judiciary of U.S. House of Representatives v. Miers*, 542 F.3d 909, 911 (D.C. Cir. 2008) (declaring that a member of the Executive Branch must testify before a congressional committee despite claim of immunity is "the functional equivalent of an injunction" and the denial of immunity is immediately appealable) (citation omitted). Here, the Court has not entered final judgment, nor did the Court intend for the December 14 Order to have practical finality or to be immediately appealable.

Indeed, the Federal Defendants do not understand the Court to have intended the December 14 Order to be the functional equivalent of an injunction because the Court did not determine that an injunction would be equitable in these circumstances. As the Supreme Court made clear in *Winter v. Natural Resources Defense Council*, "[a]n injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course." 555 U.S. 7, 32 (2008) (citing *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 313 (1982)). Rather, whether a plaintiff is entitled to a permanent injunction requires the court to balance the equities and consider the public interest

4

under the familiar factors articulated in *Winter*. *Id.* Because a "declaratory judgment is, in a context such as this where federal officers are defendants, the practical equivalent of specific relief such as injunction or mandamus," "[s]uch equivalence of effect dictates an equivalence of criteria for issuance." *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir. 1985) (citation omitted); *cf. Samuels v. Mackell*, 401 U.S. 66, 70 (1971) (explaining that courts must "decide to grant or withhold declaratory relief on the basis of traditional equitable principles" because "a suit for declaratory judgment [i]s … 'essentially an equitable cause of action'") (quoting *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 300 (1943)).

This is particularly the case where, as here, the ACA is a complex piece of legislation that governs a broad spectrum of the American healthcare system, parts of which are unrelated to any injury allegedly suffered by Plaintiffs. The Court apparently recognizes the need to conduct such an analysis because instead of entering final judgment, it ordered the parties to propose a schedule for resolving the remaining issues in the case, which would include Count V of the Amended Complaint seeking injunctive relief against federal officials from implementing, regulating, or otherwise enforcing the ACA.

Finally, the Federal Defendants could not, as a practical matter, begin to comply with the declaratory judgment until the Court defines the scope of relief. Questions about the scope of relief remain undecided, including whether the declaratory judgment is limited to the two individual Plaintiffs or applies nationwide. Because the Court has not yet defined the scope of its remedy, this is yet another reason why the Court's December 14 Order cannot be considered final or immediately enforceable. For these reasons, the Court should clarify that the December 14 Order has no immediate effect, and thus, there is no need to determine whether a stay of its enforcement is necessary.

5

## II. Federal Defendants Agree That the Court Should Certify the Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b).

Federal Defendants agree with the other parties that immediate appeal of the December 14 Order is appropriate, and all parties agree that the Court may do so under 28 U.S.C. § 1292(b). Under that statute, the Court may certify an order for interlocutory appeal if it involves "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In determining whether to grant § 1292(b) certification, the Court should be mindful of § 1292(b)'s purpose to "inject an element of flexibility into the technical rules of appellate jurisdiction" and should weigh, among other things, "[t]he difficulty and general importance of the question presented" and "the significance of the gains from reversal." 16 Federal Practice and Procedure § 3930 (3d ed. 2008).

While the Fifth Circuit has said that § 1292(b) certification is permitted only under exceptional circumstances, *Clark–Dietz & Assocs.-Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983), the Supreme Court has explained that a "district court[] should not hesitate to certify an interlocutory appeal" when its ruling "involves a new legal question or is of special consequence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009). Indeed, the Fifth Circuit has not hesitated to permit interlocutory appeal when the § 1292(b) criteria are met. *See*, *e.g.*, *Nguyen v. Am. Commercial Lines L.L.C.*, 805 F.3d 134, 137-38 (5th Cir. 2015), *as revised* (Nov. 13, 2015); *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 446–47 (5th Cir. 1995) (per curiam).

As a threshold matter, the Court's December 14 Order presents the type of extraordinary circumstance justifying § 1292(b) certification because the ACA is intertwined with the functioning of the Nation's healthcare markets. Beyond regulating the health insurance markets and the associated subsidies, the nearly 1,000-page legislation, which has been in effect for several

6

years, governs other disparate areas of the healthcare system in the United States, ranging from Medicaid, Medicare, to virtually every public health program. The Court's December 14 Order, were it to go into immediate effect, could have significant consequences.

The December 14 Order easily satisfies the § 1292(b) standard for certification. The individual mandate's severability from the rest of the ACA is a controlling question of law because it is a "'pure' question of law" that "the court of appeals could decide quickly and cleanly," *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 677 (7th Cir. 2000), and because it undeniably controls the case "in substantial respects," *see*, *e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d 741, 742 (D. Md. 2003). Whether all ACA provisions—or just the individual mandate, community-rating, and guaranteed-issue provisions—are invalid will have an enormous impact on further proceedings in this case, including remedial issues that remain to be resolved. For similar reasons, allowing interlocutory appeal of the Court's severability ruling may materially advance the termination of this litigation because the remedial issues would be more complex if the entire ACA is invalid.

Moreover, the Court's severability ruling is one about which reasonable jurists could differ. The parties advanced three, quite disparate theories of severability: none, partial, or total. The test for severability is "essentially an inquiry into legislative intent," *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 191 (1999) (citing *Regan v. Times Inc.*, 468 U.S. 641, 653 (1984) (plurality opinion)), and because reasonable jurists could disagree, it would be prudent to obtain appellate confirmation of the Court's severability ruling before the Federal Defendants begin to comply with the Court's December 14 Order. Accordingly, Federal Defendants separately request that the Court certify the December 14 Order in light of the Court's December 18 Order instructing the parties to respond to the Intervenor-Defendants' request for certification.

In the alternative, Intervenor-Defendants have asked the Court to certify partial final judgment as to the December 14 Order under Rule 54(b), which permits a court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay. By its plain terms, and as relevant here, Rule 54(b) applies only "when an action presents more than one claim for relief." Fed. R. Civ. P. 54(b). "[W]hen a claimant presents a number of legal theories, but will be permitted to recover only on one of them, the bases for recovery are mutually exclusive, or simply presented in the alternative, and the plaintiff has only a single claim for relief for purposes of Rule 54(b)." 10 Fed. Prac. & Proc. Civ. § 2657 (3d ed.); *see, e.g.*, *Jordan v. Pugh*, 425 F.3d 820 (10th Cir. 2005). The same is true "when [a] plaintiff is suing to vindicate one legal right and alleges several elements of damage or seeks multiple remedies." 10 Fed. Prac. & Proc. Civ. § 2657; *Monument Mgmt. Ltd. P'ship I v. City of Pearl*, 952 F.2d 883, 885 (5th Cir. 1992).

Here, certification of a final judgment under Rule 54(b) would not be appropriate because the Amended Complaint presents only one claim for purposes of Rule 54(b)—that the individual mandate is unconstitutional and that it is not severable from the rest of the ACA. Counts I through V represent merely alternative theories of relief or different forms of remedy—*i.e.*, declaratory and injunctive relief as to the ACA itself or the regulations promulgated thereunder—for a single claim. That claim has not been disposed of entirely because remedial issues remain to be resolved. Thus, a certification of a final judgment under Rule 54(b) for purposes of an immediate appeal would not be proper. *See Tetra Tech., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 228 (5th Cir. 2014) ("A district court's rulings concerning a particular claim may be appealed under Rule 54(b) only if the district court has disposed of that claim entirely"; "[t]he partial adjudication of a single claim is not appealable, despite a Rule 54(b) certification.") (citation omitted).

### III. Federal Defendants Agree That the Court Should Stay Proceedings Pending Interlocutory Appeal of the December 14 Order.

If the Court grants certification under § 1292(b), then all parties agree that the Court should also grant a stay of district court proceedings pending appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Nken v. Holder*, 556 U.S. 418, 434 (2009). "Especially in cases of extraordinary public moment," a party "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Four of the five Counts in the Amended Complaint remain after the Court's grant of partial summary judgment as to Count I. Federal Defendants believe that Plaintiffs' alternative theories of relief—*i.e.*, that the Individual Mandate also violates Due Process and the Tenth Amendment—are likely moot. But many complicated issues remain in this case, *see* Count IV (seeking declaratory relief that agency rules promulgated under the ACA are unlawful) and Count V (seeking to enjoin federal officials from implementing, regulating, or otherwise enforcing the ACA). Judicial economy counsels in favor of postponing consideration of those issues until confirmation by appellate court(s) of the validity of the Court's severability ruling because appellate review necessarily will inform resolution of the remaining issues and may avoid unnecessary litigation. *See* S. Rep. No. 85-2434, 1958 WL 3723 (1958) (citing these considerations in discussing example of a jurisdictional ruling, the certification of which would have avoided months of litigation had § 1292(b) certification been available).

Nor is there any need for the Court immediately to resolve complex questions about the scope of relief, including whether the remedy should be limited to the two individual plaintiffs the

9

Court found to have standing or extend to other plaintiffs whose standing the Court did not decide. *See* ECF No. 211 at 15-19; *Goldin v. Bartholow*, 166 F.3d 710, 720 (5th Cir. 1999) ("All parties, whether defendants or plaintiffs below, must meet the requirements of Article III standing when appealing to this Court"). That question is critical to the issue of relief because, as the Supreme Court recently reaffirmed, a court's "constitutionally prescribed role is to vindicate the individual rights of the people appearing before it," and therefore "[a] plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1933-34 (2018).

Once it is determined which Plaintiffs are entitled to relief in this case, the Court will also need to determine whether those plaintiffs are entitled to a permanent injunction, including the scope of that injunction. As already noted, "[a]n injunction is a matter of equitable discretion" and "does not follow from success on the merits as a matter of course." *Winter*, 555 U.S. at 31. If the scope of relief is determined to be broad, an extensive plan of compliance may be needed to transition the healthcare markets out of the ACA framework, and any injunctive relief would need to allow for an orderly transition so as to minimize disruptions to the healthcare markets as well as the range of public health programs impacted by the ACA. The scope of the relief therefore is a complex legal issue that should be addressed after appellate review, but it need not and should not be addressed at this time.

### IV. If the Court's December 14 Order Is Final and Effective, Federal Defendants Do Not Object to a Stay of Enforcement Pending Appeal.

The preceding sections presume that the Court's December 14 Order is not a final, appealable order that requires immediate compliance. If the Federal Defendants are correct, then the Court need not enter a stay of its interlocutory order pending appeal. However, if Federal Defendants are incorrect, then Federal Defendants do not object to Intervenor-Defendants' request that the Court stay enforcement of the Order pending appeal, given the potential for disruption to

the healthcare markets if immediate implementation were required. Indeed, the ACA has now been in effect for several years, and it is in the parties' and the public's interest that appellate review be exhausted before the Federal Defendants begin implementing the Court's judgment. *See Fla. ex rel. Bondi v. HHS*, 780 F. Supp. 2d 1307, 1320 (N.D. Fla. 2011) (staying declaratory judgment that the ACA is unconstitutional pending immediate appeal).

## CONCLUSION

For these reasons, Federal Defendants agree that this Court should clarify that the December 14, 2018 Order is not final and thus does not require immediate compliance; certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and stay district court proceedings pending appeal. If the Court's December 14 Order is deemed final and effective, however, then Federal Defendants do not object to the request that the Court stay its enforcement pending appeal.

Dated: December 21, 2018                    Respectfully submitted,

                                                                 JOSEPH H. HUNT
                                                                 Assistant Attorney General

                                                                 BRETT A. SHUMATE
                                                                 Deputy Assistant Attorney General

                                                                 JEAN LIN
                                                                 Acting Deputy Director

                                                                /s/ *Daniel D. Mauler*
                                                                DANIEL D. MAULER
                                                               Trial Attorney
                                                               U.S. Department of Justice
                                                               Civil Division, Federal Programs Branch
                                                               1100 L Street, NW
                                                               Washington, DC 20005
                                                               (202) 616-0773
                                                               (202) 616-8470 (fax)
                                                               dan.mauler@usdoj.gov

                                                               *Counsel for the Federal Defendants*

## CERTIFICATE OF SERVICE

  I certify that on December 21, 2018, I filed the foregoing document with the Clerk of Court via the CM/ECF system, causing it to be served electronically on all counsel of record.

                 /s/ *Daniel D. Mauler*
                DANIEL D. MAULER
                Trial Attorney
                U.S. Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street, NW
                Washington, DC 20005
                (202) 616-0773
                (202) 616-8470 (fax)
                dan.mauler@usdoj.gov

                *Counsel for the Federal Defendants*