IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants,<br><br>and<br><br>CALIFORNIA, et al.<br><br>    Intervenor-Defendants. | Civil Action No. 4:18-cv-00167-O |

**PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS'
MOTION FOR CLARIFICATION OR STAY AND
ENTRY OF PARTIAL FINAL JUDGMENT**

**INTRODUCTION**

In its December 14 memorandum opinion and order ("the Order"), the Court granted Plaintiffs partial summary judgment on Count I of the Amended Complaint, declaring the individual mandate unconstitutional and the entire Affordable Care Act invalid because it is inseverable from the mandate. Intervenor-Defendants move the Court to clarify the Order—specifically whether they and the federal government are bound by the Court's declaration—and, alternatively, if they are bound, to stay the Order pending appeal. *See* Doc. 213 at 2. They also ask for an order directing entry of partial final judgment or an order certifying the Court's opinion for interlocutory appeal. *Id.*

The request for clarification should be denied because there is nothing ambiguous about this Court's conclusions on the controlling questions of law. Nor is there anything unclear about the practical effect of the Order: it is not a final judgment. Moreover, Plaintiffs will not seek to enforce the Court's Order while the case is on appeal. Indeed, all parties agree that this Court should certify the Order for interlocutory appellate review. *See* 28 U.S.C. § 1292(b). And since the Order is interlocutory, not final, there is no need for a stay. These are the natural next steps in this litigation, as they will allow for immediate appellate review, and, upon affirmance, for this Court to enter a final judgment declaring the ACA invalid, thereby returning to the States the task of regulating the health insurance markets. When that happens, the States will be able to enact policies and regulations accomplishing what the ACA promised but could never provide: affordable health insurance for all Americans.

## ARGUMENT

### I. The Court does not need to clarify its legal conclusions, or stay the Order.

There is nothing ambiguous about the Order that needs clarification. The Order expressly "GRANTS Plaintiffs' claim for declaratory relief as to Count I of the Amended Complaint," Order at 34, and then makes clear the content of this declaration: the Court "declares the Individual Mandate, 26 U.S.C. § 5000A(a), UNCONSTITUTIONAL" and "declares the remaining provisions of the ACA, Pub. L. 111-148 . . . INVALID" because they are not severable from the mandate, Order at

55. These holdings on purely legal issues speak for themselves and clearly indicate that, at the appropriate time, the Court will enter a final judgment declaring the ACA invalid in its entirety.

The Court has not entered final judgment, partial or otherwise. As the Supreme Court recently explained, "[c]ourts reduce their opinions and verdicts to judgments precisely to define the rights and liabilities of the parties." *Jennings v. Stephens*, 135 S. Ct. 793, 799 (2015). That is why a "prevailing party seeks to enforce not a district court's reasoning, but the court's *judgment*," and why appellate courts do "not review lower courts' opinions, but their *judgments*." *Id.* (emphasis in original). Given the fact that the Court issued the declaration as to Count I only, leaving Counts II–V unresolved, the Order is by its nature interlocutory, and not, at this time, a final appealable judgment. The Order should persuade the federal government to begin developing a plan to comply with a final judgment—as the States plan to do.[1] But Plaintiffs will not seek to enforce the Order while it is on interlocutory appeal, obviating the need for a stay.

Because the Court's legal reasoning and conclusions are unambiguous, because there is nothing unclear about the Order, and because Plaintiffs will not seek to

---

[1] For example, Texas is already taking steps to reform state regulations and propose changes to health care laws in view of the Court's opinion. *See* Lauren McGaughy, *Gov. Abbott says Texas will prioritize Obamacare replacement as health care lawsuit continues*, DALLAS MORNING NEWS (Dec. 18, 2018), https://www.dallasnews.com/news/texas-politics/2018/12/17/gov-abbott-says-texas-will-make-passing-state-health-care-law-priority-obamacare-lawsuit-continues. Louisiana is taking similar measures. *See* Wallis Watkins, *Governor Edwards Looks to Protect Healthcare Access As Affordable Care Act Faces Legal Battle*, NEW ORLEANS PUB. RADIO, WWNO.ORG (Dec. 19, 2018) https://www.wwno.org/post/governor-edwards-looks-protect-healthcare-access-affordable-care-act-faces-legal-battle.

enforce the Order while it is on appeal, the Court should deny Intervenor-Defendants' motion for clarification.

## II. The Court should certify the Order for interlocutory appeal.

The Court should certify the Order for appellate review under 28 U.S.C. § 1292(b), because the Court has not entered a final judgment on which the parties could seek review in the Fifth Circuit. *See* 28 U.S.C. § 1291 (vesting the courts of appeals with jurisdiction over "appeals from all final decisions of the district courts of the United States").

Section 1292(b) authorizes district courts to certify issues for interlocutory appeal if there is "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* § 1292(b). The first element for certification is beyond dispute here. The Court undisputedly resolved three purely legal and controlling questions of law that are central to this suit and highly disputed amongst the parties: (1) whether the individual plaintiffs and the state plaintiffs have standing, (2) whether the individual mandate exceeds Congress's enumerated powers under Article I of the United States Constitution, and (3) whether the remainder of the ACA—and in particular the guaranteed issue and community rating provisions—are severable from the individual mandate. *See* Order at 19–34; 34–55. That no further factual development was necessary before the Court granted partial summary judgment confirms that the Order disposed of these controlling questions of law.

The second element is also satisfied because appealing these three issues of law now—as opposed to at some later date when this Court enters final judgment—will "materially advance" the termination of this litigation. "[C]ourts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (citation omitted). Section 1292(b) is "designed to minimize burdens 'by accelerating or . . . simplifying trial court proceedings.'" *Id.* (quoting Wright & Miller, 16 FED. PRAC. & PROC. JURIS. § 3930 (3d ed.)). Plaintiffs agree with Intervenor-Defendants that "interlocutory appeal will help bring this lawsuit to a speedier conclusion." Doc. 213-1 at 20. It is far better to have an orderly appeal process now to affirm the core aspects of Plaintiffs' claims, rather than requiring the Court to consider and address the remaining claims.

For these reasons, Plaintiffs agree with Intervenor-Defendants' request that the Court certify its Order for interlocutory appeal.[2]

## CONCLUSION

Intervenor-Defendants' motion for clarification should be denied. The Court should certify an interlocutory appeal under 28 U.S.C. § 1292(b). For reasons explained previously, Plaintiffs do not believe a stay is necessary; however, we leave

---

[2] Because an interlocutory appeal is the most appropriate and expeditious course, Plaintiffs do not address Intervenor-Defendants' request for the issuance of a final judgment under Federal Rule of Civil Procedure 54(b).

to the Court's discretion whether it may be appropriate under these unique circumstances.

Plaintiffs are not abandoning Counts II–V of their Amended Complaint, but ask that the Court stay these claims pending appellate review of the Order.

Respectfully submitted this 21st day of December, 2018.

| | |
|---|---|
| BRAD D. SCHIMEL<br>Wisconsin Attorney General | KEN PAXTON<br>Attorney General of Texas |
| MISHA TSEYTLIN<br>Wisconsin Solicitor General | JEFFREY C. MATEER<br>First Assistant Attorney General |
| KEVIN M. LEROY<br>Wisconsin Deputy Solicitor General | DARREN MCCARTY<br>Deputy Attorney General for Civil Litigation |
| State of Wisconsin<br>Department of Justice<br>17 West Main Street<br>P.O. Box 7857<br>Madison, Wisconsin 53707-7857<br>Tel: (608) 267-9323 | */s/David J. Hacker*<br>DAVID J. HACKER<br>Special Counsel for Civil Litigation<br>Texas Bar No. 24103323<br>david.hacker@oag.texas.gov<br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548, Mail Code 001<br>Austin, Texas 78711-2548<br>Tel: 512-936-1414 |
| *Attorneys for Wisconsin* | |
| | *Attorneys for Plaintiff States* |
| */s/Robert Henneke*<br>ROBERT HENNEKE<br>Texas Bar No. 24046058<br>rhenneke@texaspolicy.com<br>Texas Public Policy Foundation<br>901 Congress Avenue<br>Austin, Texas 78701<br>Tel: (512) 472-2700 | |
| *Attorney for Individual Plaintiffs* | |

### ADDITIONAL COUNSEL

STEVE MARSHALL
Attorney General of Alabama

LESLIE RUTLEDGE
Attorney General of Arkansas

MARK BRNOVICH
Attorney General of Arizona

PAM BONDI
Attorney General of Florida

CHRISTOPHER M. CARR
Attorney General of Georgia

CURTIS HILL
Attorney General of Indiana

DEREK SCHMIDT
Attorney General of Kansas

JEFF LANDRY
Attorney General of Louisiana

JOSH HAWLEY
Attorney General of Missouri

DOUG PETERSON
Attorney General of Nebraska

WAYNE STENEHJEM
Attorney General of North Dakota

ALAN WILSON
Attorney General of South Carolina

MARTY JACKLEY
Attorney General of South Dakota

HERBERT SLATERY, III
Attorney General of Tennessee

SETH REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, a true and correct copy of this document was served via the ECF system on all counsel of record.

*/s/David J. Hacker*
DAVID J. HACKER