# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | Civil Action No. 4:18-cv-00167-O |
| | § | |
| Defendants, | § | |
| | § | |
| | § | |
| CALIFORNIA, et al. | § | |
| | § | |
| Intervenors-Defendants. | § | |

## ORDER EXPEDITING BRIEFING

On December 31, 2018, by the agreement of all parties, the Court stayed Counts II through V of the Amended Complaint for the duration of appeal of the partial final judgment on Count I. *See* ECF No. 223. On January 3, 2019, the U.S. House of Representatives moved to intervene in this matter with respect to Counts II through V of the Amended Complaint—the claims that are stayed. *See* Mot. Intervene 4, ECF No. 226. That motion is opposed. *Id.* at 19. On January 4, 2019, the Federal Defendants moved to stay the briefing on the pending motion to intervene because "on December 21, 2018, the appropriations act that had been funding the U.S. Department of Justice expired." Mot. Stay 1, ECF No. 231.

The U.S. House of Representatives moves to intervene with respect to only that portion of the case that is stayed and administratively closed. *See* Mot. Intervene 4, ECF No. 226 ("[T]he House does not seek to intervene in this Court with respect to Count I."). To the extent the House seeks to intervene with respect to Count I, the House is appropriately taking that request to the Fifth Circuit. *Id.* at 4, n.2 ("The House notes that it plans simultaneously to seek to intervene in

the Fifth Circuit appeal and will file a motion to intervene in that appeal as soon as a docket number exists that would permit it to do so."). Accordingly, the Court finds there is no reason to lift the current stay and administrative closure of Counts II through V to rule on a motion to intervene on dormant claims. When Count I returns from appeal, and/or when it is appropriate to lift the stay on the remaining claims, the Court will set a briefing schedule on the pending motion to intervene. Should further proceedings in the meantime otherwise become necessary or desirable, any party may initiate them by filing an appropriate pleading.

Accordingly, the motion to intervene, (ECF No. 226), is **STAYED** and the motion to stay briefing, (ECF No. 231), is **DENIED** as moot.

**SO ORDERED** on this **8th day** of **January, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**